Haluk Savci (HS 0853)
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK AND LONG
ISLAND on behalf of ASBESTOS, LEAD, and
HAZARDOUS WASTE LABORERS' LOCAL 78,

        Plaintiff,

        against

XANDER ENVIRONMENTAL CORP.,

        Defendant.
-------------------------------------------------------------X

Civil Action No.

COMPLAINT
ECF FILED DOCUMENT

The Mason Tenders District Council of Greater New York and Long Island (the "Union" or "MTDC") on behalf of its constituent local union Asbestos, Lead & Hazardous Waste Laborers, Local 78 ("Local 78"), by its undersigned counsel, for its complaint alleges as follows:

## THE ACTION

1. This is an action brought pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185 to confirm an arbitration award (the "Award") issued in accordance with the grievance and arbitration terms set forth in a collective bargaining agreement. The action arises from the failure of the Defendant to timely pay monies owed

pursuant to the Award. The Union seeks a judgment confirming the Award and ordering the Defendants to comply with its terms.

## THE PARTIES

2. Plaintiff MTDC is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). The Union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018. Defendant XANDER ENVIRONMENATL CORP. ("Xander" or "Defendant") is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2). Defendant is a corporation that transacts business in the State of New York and within this judicial district. Defendant's principal place of business is 1336 5th Avenue, Bayshore, New York 11706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

4. Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because the Company transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. Section 1391(b), because the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

The Collective Bargaining Agreement

5. Defendant is a party to a 2007-2012 Trade Agreement Between the Mason Tenders District Council of Greater New York ( the "Agreement") which by its terms at Article XVI, Section 1 renews from year to year unless either party gives written notice by certified mail in

accordance with the Section of its desire to modify, terminate or amend the Agreement. No party made such a request.

6. Further, Defendant by Memorandum of Agreement executed on September 20 and October 1, 2013 agreed to revising and extending the Agreement through July 31, 2015.

7. The Agreement at Article 3, Section 4 (b) allows that in instances where a signatory employer has failed to notify the Union of a job or failed to employ a Union shop steward, the Employer shall be liable in a grievance equal to the pay and benefits for all hours worked by Handlers on the site. The grievance shall be made payable to members of the bargaining unit as reasonably allocated by the Union.

8. Article XII of the Agreement sets forth a grievance and arbitration process involving questions of interpretation or application of any clause of the Agreement. Joseph Harris is listed as an arbitrator under the Agreement.

The Grievance and Hearing Process

9. A dispute arose between the parties in or about September 2014, regarding the Union's claim that Defendant failed to apply the terms of the Agreement at a jobsite located at 600 Harrison Avenue, Riverhead, New York ( the "jobsite") by failing to employ a shop steward on the jobsite. After failing to resolve the grievance with the Defendant, the Union on November 6, 2014, the Union submitted a Notice of Arbitration to the Defendant by regular and certified mail. A return receipt indicated Defendant received the Notice..

After copying Arbitrator Harris with the Notice, the Arbitrator by letter dated December 5, 2014 scheduled a hearing on the grievance for February 24, 2015.

10. Arbitrator Harris convened the hearing on February 24, 2015. No representative appeared on behalf of Defendant. After noting that his first class mail letter to Defendant had not

been returned undelivered, the Arbitrator proceeded with the hearing as a default. At the hearing, the Union for the relevant six day period submitted evidence from Union representative concerning daily logs kept by Union personnel documenting that the Employer had failed to employ a Union shop steward and also failed to employ handlers from the bargaining unit. In total the Union documented 272 hours were worked by Handlers while another 48 hours should had been worked by a Shop Steward. As for damages, the Union identified individuals who should be paid in accordance with Article 3 at the contract rate.

11. On or about March 17, 2014, the arbitrator issued a decision in the case finding in favor of the Union and ordered Defendant to pay 8 members of the bargaining unit and on their behalf to the relevant Union benefit fund a total of $16,994.00 in wages and benefits.

12. The Union forwarded a copy of the Opinion and Award to the Defendants. To date, Defendants have paid no monies pursuant to the Award.

## FIRST CAUSE OF ACTION

12. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 12 of the Complaint, as though set forth in full herein.

13. By failing to abide by the terms of the Award, the Defendant breached its obligations under the parties' labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

14. As a result of this failure, Defendant is liable to the Plaintiff for contractual wages and benefit contributions owed on behalf of individuals identified in the Award.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MTDC respectfully requests this Court enter judgment in its favor:

      a. Confirming the March 17, 2014 Award of Arbitrator Harris against the Defendant;

      b. Ordering the Defendant to pay and holding them liable for all damages set forth in the Award, including but not limited to:

           i. Contractual wages and benefit contributions owed to Local 78 on behalf of individuals the Union identified totaling $16,994.00 as a result of Defendant's failure to abide by the terms of the Agreement;

      c. Ordering such further relief as the Court deems necessary or appropriate.

Respectfully submitted,

By: _____
Haluk Savci (HS 0853)
Mason Tenders District
Council of Greater New York
520 8th Ave., Suite 650
New York, NY 10018

Dated: New York, NY
March 16, 2016

# ATTACHMENT

OFFICE OF THE IMPARTIAL ARBITRATOR
-----------------------------------------------------------------

In the Matter of the Arbitration Between           (
                                                   (
                                                   (
LOCAL 78 OF THE MASON TENDERS DISTRICT             (  OPINION AND DEFAULT
COUNCIL OF GREATER NEW YORK  ("Union" or           (  AWARD
"MTDC")                                            (
                                                   (  Joseph A. Harris, Ph.D.
            -and-                                  (  Impartial Arbitrator
                                                   (
                                                   (
XANDER ENVIRONMENTAL CORP. ("Employer")            (
-----------------------------------------------------------------

Appearances:

For the Union:
    Haluk Savci, Esq.          Counsel, MTDC
    Byron Silva              Assistant Business Manager, Local 78
    Mareu Truskolaski       Business Agent for Long Island, Local 78

For the Employer:
    No one


On or about December 5, 2014, the Union sent me a "Notice of Intention to Arbitrate" dated November 6, 2014 and requested that I conduct an arbitration. On December 5, 2014, I sent the Parties notice that the arbitration would take place on February 24, 2015. My First Class letter to the Employer was not returned. The Defendant did not contact me or attend the hearing. Union attorney Mr. Savci introduced the USPS Certified Mail green receipt showing that the Employer received the Union's letter of November 6, 2014 (above). Mr. Savci stated that the Employer did not respond to that letter. After discussion with the Union, I elected to hold a default hearing.

## ISSUE

**Whether Xander Environmental Corp. has violated the Collective Bargaining Agreement by, including but not limited to, failing to employ a Shop Steward at the jobsite located at 600 Harrison Ave., Riverhead, NY 11901 from July 12, 2014 to July 16, 2014. If so, what should be the remedy?**

1

The Union introduced the following exhibits:

1. "Trade Agreement Between the Mason Tenders District Council of Greater New York and Laborers Local 78 and the Employer" (December 1, 2007 to November 30, 2012), signed by Robert Bonanza (MTDC) and Segundo G. Guato (Pres., Xander Envir. Corp.).

2. "Wage Increase and Contract Term Modification Agreement" extending and modifying the Trade Agreement to Nov. 30, 2013 (signed by the same people on August 28 and August 30, 2012).

3. "Memorandum of Agreement between the MTDC of Greater New York and the Contractor" revising and extending the Trade Agreement through July 31, 2015 (signed by the same people on September 20 and October 1, 2013).

4. "Wage and Fringe Benefit Rates: Local 78 Laborers" for December 1, 2013 to November 30, 2014.

5. Detailed daily notes for July 10 – July 16, 2014 of the names of workers at the job site, their NY State License numbers, hours of work, and the work they engaged in.

6. List of eight Local 78 members who are to receive payment as damages.

### Trade Agreement: Article 3, Section 4.b

If an Employer fails to comply with the requirements of Section 2 above to accept for employment Handlers referred by the Union's Hiring Halls, it shall be liable in a grievance (payable to members of bargaining unit[s] represented by the affected Union as reasonably allocated by the Union) in the following amounts....Such remedies shall not apply to jobs of which the Employer has failed to notify the Unions, or on which it has otherwise failed to employ, or maintain in employment, a shop steward appointed by the Union. In such cases, the Employer shall be liable in a grievance (payable to members of the bargaining units[s] represented by the affected Union as reasonably allocated by the Union) equal to the pay and benefits for all hours worked by Handlers on the site in violation of Section 2 above, and shall further be obligated to immediately employ on the job

2

a Shop Steward and other Handlers sufficient to prospectively remedy the situation...

## ARBITRATOR'S DISCUSSION and AWARD

The Union presented extensive credible and unrebutted evidence that the Employer is covered by the Trade Agreement. Mr. Silva testified credibly that the Employer did not write or call in to the Hiring Hall to request that any employees be sent to the job site, in violation of Article 3, Section 2. For the period July 16 through July 16, 2014, no shop steward worked at the job site, in violation of Article 3, Section 4.b. of the Agreement. Additionally, the Employer failed to employ any union Handlers during that period, which also violates Article 3.4.b. Additionally, Mr. Silva testified that Union representatives kept daily logs, which he presented at the Hearing, of the names and hours worked by Handlers at the job site. They show that over the six-day period, 272 hours were worked by Handlers and another 48 hours should have been worked by a Shop Steward.

The Union asked, as damages, that the Arbitrator order the Employer to pay Union members on the out-of-work list at the journeyman rate of $52.95 per hour. This includes $16.95 per hour for fringe benefits owed to the Mason Tenders District Council Trust Funds and $2.88 per hour for dues and PAC. All of the moneys are to be allocated by the Union, as per the instructions in Article 3.4.b (above). Thus, each handler would directly receive $33.12 per hour from the Union. In total, the Employer would owe the Union and the Funds $16,994.00 ($52.95 x 320 hours).

The Union submitted the list of eight names below, for the distribution:

Christian Lopez. ▬▬▬▬▬▬
9739 84th Street, 1FL, Ozone Park, NY 11416

Juan Guncay. ▬▬▬▬▬▬

3

Sinthya Caraballo: ~~████~~
1801 College Point Blvd, 3 Fl., College Point, NY 11356

Carlos Juanacio: ~~████~~
8616 60 Avenue, #3P, Elmhurst, NY 11373

Manuel Lamota: ~~████~~
39 Lexington Street, 2FL, Newark, NJ 07105

Mariana Barahona: ~~████~~
47-09 Skillman Ave, #2C, Sunnyside, NY 11104

Harold Ramirez: ~~████~~
5311 Palisade Ave #1, West New York, NJ 07093

Wilson Rivas ~~████~~
1266 Jefferson Ave, 2 FL, Brooklyn, NY 11221

The Union's evidence is persuasive. I see no reason to deny the validity of the Union's position. The Union's requested damages are in keeping with the Trade Agreement, so I grant them. The Union's proposal that it distribute the funds as described above also is in keeping with the Trade Agreement, so I grant it.

Additionally, the Employer owes arbitration fees (hearing day, plus study and writing) of $2,460.00, which it shall submit to the Union (for passage to the Arbitrator) along with the $16,944.00 stated above. The Employer will pay the total of $19,404.00 within 10 days.

Date: March 17, 2015

*Joseph A. Harris*
JOSEPH A. HARRIS, PH.D.
Impartial Arbitrator

4